VANDEMARK v. THE ACTUATING FARM GATE CO. ET AL.

*Corporations—Stock subscriber's promissory note, endorsement and mortgage by company valid—Indebtedness in excess of charter valid, in absence of notice by creditor.*

1. Where a subscriber to the capital stock of a private corporation gave a promissory note in payment of such stock, and the company gave a mortgage to secure its indorsement, both the giving of the note and the securing of the note by the giving of a mortgage are valid transactions.
2. When a corporation incurs debts in excess of the amounts allowed by its charter, such indebtedness will be valid in the absence of notice to the party taking such obligation.

(Decided June 8, 1926.)

APPEAL: Court of Appeals for Lorain county.

*Messrs. Findley & Meyers,* for plaintiff.
*Mr. R. H. Rice,* for the Savings Deposit Bank & Trust Company.
*Messrs. Fauver & Cheney, Messrs. Tolles, Hogsett, Ginn & Morley* and *Mr. William B. Cockley,* for the Elyria Iron & Steel Company.

KUNKLE, J.   This is an action to marshal liens upon real estate, and comes into this court on appeal. The real controversy involves the validity of a certain real estate mortgage held by the Savings Deposit Bank & Trust Company.

The real estate so mortgaged was purchased by the Actuating Farm Gate Company, afterwards known as the Green Gate Company. William M. Wright, who was the principal stockholder and promoter of the Actuating Farm Gate Company, gave

his notes in the amount of $25,000 to said company in payment for capital stock issued to him. Wright undertook to negotiate the notes to the Savings Deposit Bank & Trust Company, but it was arranged that the Actuating Farm Gate Company should give a mortgage to the bank to secure the bank upon the indorsement of the notes. This mortgage was executed December 23, 1922, and was filed for record February 21, 1923, and thereafter recorded. There were certain collaterals which secured the notes, but the same have been sold and the proceeds applied upon the notes. The bank claims the first lien on the real estate to secure its mortgage.

Counsel for the other claimants contend that there was no consideration for the company's indorsement of the notes of Wright, and that the company's indorsement thereof for the purposes of negotiation alone would be *ultra vires.* Upon this point, we are of opinion that there was a consideration to the corporation, because the funds passed directly from the Savings Deposit Bank & Trust Company to the Actuating Farm Gate Company and such were used and expended by the Farm Gate Company for its own benefit. It was not, therefore, a transaction in which the Farm Gate Company was solely an accommodation indorser.

The cases referred to in the briefs of counsel for the other creditors we think are not in point. Especially is this true of the cases of *Rudolph Savings Bank Co.* v. *Anchor Oil & Gas Co.,* 101 Ohio St., 217, 128 N. E., 266, and *Humboldt Mining Co.* v. *American Mfg., Mining & Milling Co.,* (C. C. A.), 62 F., 356. While the record does not show

any resolution on the records of the company to authorize the mortgage, yet we think there was evidence tending to show that the mortgage was authorized by the directors of the company.

It is also contended that the corporation had no authority to indorse the Wright note, which was given for capital stock, and to secure the indorsement by a mortgage on the property of the company.

We are unable to understand why the company might not transfer a note taken in payment for capital stock and secure its indorsement thereof. If the stockholder had paid in the amount of the stock subscribed, the company would have had authority to use the funds for any corporate purposes. And for the same reason, when Wright delivered to the corporation his promissory note for stock, the company might transfer it, and, as an incident to the transfer, might secure its indorsement thereof.

In the absence of fraud, and none is shown in the present case, we are of opinion that the transaction, both as to the indorsement of the note and as to the execution of a mortgage to secure the same, would be within the scope of the corporate powers of the company.

The third contention is that the liability incurred by the indorsement by the Farm Gate Company of the notes created an obligation in excess of the amount of indebtedness allowed by its charter.

It does not appear that Mr. Braman, who acted for the bank, knew of the charter limitation of indebtedness, or knew that the indebtedness secured by the mortgage was in excess thereof, and, in the

absence of such knowledge, we are clear that such limitation would not be a defense to the claim of the bank.   In addition, we doubt whether such charter limitation would invalidate a loan to the company, made in good faith, when the company received the benefit of such loan.

We have fully considered the briefs of counsel and all the points raised in opposition to the mortgage in question, and are of opinion that the mortgage given to the bank is valid and that the bank is entitled to have the validity thereof sustained. The same decree will therefore be entered in this court as was entered in the court below.

*Decree accordingly.*

ALLREAD and FERNEDING, JJ., concur.

Judges of the Second Appellate District sitting in place of Judges PARDEE, WASHBURN and FUNK, of the Ninth Appellate District.